Salomon v. Stoddard.

---

## Moses Salomon v. Charles B. Stoddard et al.

1. MORTGAGES—*Mortgagee Not Prevented from Foreclosing Because of Accepting Partial Payment.*—A mortgagee may accept a partial payment of moneys due, and upon failure to pay the balance he is not prevented from enforcing the provisions of his mortgage to collect the same at any time thereafter, until barred by the statute of limitations.

2. SAME—*Mortgagee in Foreclosure Need Not Allege that There Has Been No Waiver of Condition.*—It is not incumbent upon the complainant to allege in his bill that there has been no waiver of the conditions contained in the trust deed, but he is required only to state with reference thereto, that the mortgagor " has broken his covenant in said deed contained," and the facts upon which said allegation is based.

3. SAME—*Allowance of Reasonable Solicitor's Fees is Proper.*—Where a mortgage contains a provision for the payment of reasonable solicitor's fees, an allowance by the court of a reasonable amount under such provision is proper.

4. APPELLATE COURT PRACTICE—*Where the Record Filed in This Court Does Not Contain the Evidence Taken Before the Master.*—Where the record filed in this court does not contain the evidence taken before the master, the court will presume that the evidence was sufficient to sustain the findings of fact recited in the decree.

**Bill to Foreclose a Mortgage.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 17, 1903.

LEON HORNSTEIN, attorney for appellant.

JOHN L. FOGLE, attorney for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

This appeal is prosecuted to reverse a decree entered foreclosing a mortgage. The indebtedness secured by the mortgage matured on the fifteenth day of August, 1898. It is alleged in the bill of complaint that the interest on said principal amount was paid up to November 15, 1899, and that $356.17 had been paid upon the principal. Counsel for appellant insist that "notwithstanding the maturity of the indebtedness for more than fifteen months prior to the filing of the bill, there is no allegation therein of any condition or agreement for extension of the mortgage which would carry with it the original provisions of the trust deed; nor that at the maturity of the mortgage indebtedness the complainant did not for a good consideration waive for a fixed period the right to foreclose the mortgage."

There is no force in such suggestion. The mortgagee may accept a partial payment of moneys due and upon failure to pay the balance he is not prevented from enforcing the provisions of his mortgage to collect the same at any time thereafter, until barred by the statute of limitations. It is not incumbent upon the complainant to allege in his bill that there has been no waiver of the conditions contained in the trust deed, but he is required only to state with reference thereto, that the mortgagor "has broken his covenant in that behalf in said deed contained," and the facts upon which said allegation is based.

The proposition of counsel, that the provisions of a trust deed may be waived, is conceded. In Dorn v. Geuder, 171 Ill. 362, relied on by counsel, it is held that if the proof shows that an extension of time of payment of the mortgage is granted upon sufficient consideration, a decree can not be obtained upon a bill making no reference to the extension of time because the proofs do not in that case sustain the allegations of the bill. It is a fundamental rule of equity pleading that the allegations of the bill, the proof, and the decree, must correspond. It is not even contended that there was an agreement for an extension of

Salomon v. Stoddard.

time to pay the mortgage in question; and there certainly is no evidence in the record to sustain such a contention.

We have examined the many other cases referred to by counsel and find no authority in conflict with our holding. Appellant next contends that a solicitor's fee should not be allowed where no amount is specified in the trust deed. It is provided that, "In the event this trust deed be foreclosed by judicial proceedings and a decree for the sale of said premises be entered, there shall be included in the judgment on such foreclosure a reasonable sum for solicitor's fee." To sustain their position counsel refer to Little v. Dyer, 138 Ill. 272. In that case it was held that a power to confess a judgment against the donor of a power for an uncertain, unliquidated and unlimited amount of money paid out for water-rates, gas-bills, and cleaning the premises was so unrestricted that it could not lawfully be either given or exercised. In Nathan v. Brand, 167 Ill. 607, a trust deed containing a provision for the payment of reasonable solicitor's fees was considered and it was there held that an allowance by the court of a reasonable amount under such provision was proper. To the same effect is Casler v. Byers, 129 Ill. 657.

In addition to the reasons given in this opinion for refusing to reverse the decree it may be stated that the record filed in this court does not contain the evidence taken before the master. "In such case this court will presume that the evidence was sufficient to sustain the findings of fact recited in the decree." Lange v. Heyer, 195 Ill. 420.

Appellees insist that this case has been prosecuted merely for delay, but after examining the record and considering the assignment of errors, we are of the opinion that the request for an allowance of damages should be denied. Notwithstanding we hold that the assignment of errors is not well taken, yet in view of the nature of the proceedings, the amount involved and the allowance of fees and costs in the court below, we do not think that the case is one requiring the application and the penalty of the statute. The decree of the Superior Court is affirmed.