### James F. Doster and Luella Doster, Appellants, v. Josephine Oulvey and Henry D. Nies, Appellees.

1. MORTGAGES—*when notice of assignment necessary.* The assignee of a mortgage, to protect himself from payments made by the mortgagor to the mortgagee, must give notice to the mortgagor of the assignment.

2. MORTGAGES—*notice of assignment not necessary when given to trustee.* Where the purchasers of premises assumed and agreed to pay a mortgage which the grantors had given to a trustee, the rule that the assignee of a mortgage, to protect himself from payments made by the mortgagor to the mortgagee, must give notice to the mortgagor of the assignment to him does not apply.

3. MORTGAGES—*release by trustee without payment not good.* The release of a mortgage by one holding it as trustee, without authority and without the payment of the note secured thereby, did not discharge the lien as between the original parties, nor as to subsequent purchasers chargeable with notice of the breach of trust.

4. MORTGAGES—*assignee takes subject to infirmities.* A person buying a mortgage takes it subject to all infirmities to which it is liable in the hands of the mortgagee.

5. FORECLOSURE—*defense of laches must be pleaded.* If the purchasers of premises subject to a mortgage desired to present the defense of laches to a bill to foreclose the mortgage and set aside a release thereof given by the mortgagee who held as trustee, they should have set it up in their answer.

(468)

Doster et al. v. Oulvey et al., 233 Ill. App. 468.

6. FORECLOSURE—*defenses not pleaded not available though proved.* Where appellants did not claim in their answer to a cross-bill to foreclose a mortgage given to take up the original mortgage on premises owned by them that there was a want or failure of consideration for such mortgage and the note given with it, they cannot avail themselves of such defenses though they appear in the evidence.

7. FORECLOSURE—*defenses available against assignee of mortgage.* In equity a mortgagor is entitled to every defense against the assignee of the mortgage which he could have made against the mortgagee himself.

8. MORTGAGES—*payments provable against assignee.* Where the assignee of a mortgagee failed to notify the mortgagor of the acquisition of the mortgage, such mortgagor is entitled, in the absence of knowledge of the transfer of the security, to show, as against the assignee, all payments made upon the mortgage after the assignment.

9. EQUITY—*two innocent parties between whom loss must fall.* An assignee of a mortgage who has failed to give notice to the mortgagors of the assignment is in no position to invoke the equitable doctrine that where one of two innocent persons must suffer because of the fraud of a third person the loss must fall on him who, by his conduct, has put it in the power of such third person to make the loss possible.

10. MORTGAGES—*allowance for payments made without notice of assignment.* Where the owners of premises which were subject to a mortgage given to a trustee made a payment and gave a new note and mortgage for the balance and the trustee-mortgagee sold the note without authority to the cross-complainant who failed to notify the owners, and the trustee took a payment on the mortgage without turning it over to the cross-complainant, an allowance for such payment should be made to the owners upon foreclosure of the mortgage, it appearing that they had no knowledge of the assignment of the note until after the payment had been made.

Appeal by plaintiffs from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1924. Affirmed in part and reversed in part. Opinion filed April 11, 1924. *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM P. LAUNTZ, for appellants.

POPE & DRIEMEYER, for appellee, Josephine Oulvey.

WHITNEL, WHITNEL & BROWNING, for appellee, Henry D. Nies.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Clyde A. Carr and wife, on February 23, 1915, borrowed from Henry T. Renshaw, trustee, the sum of $1,600 for three years at 6% interest, from date, for which they executed and delivered their note and secured the same by a mortgage on certain real estate in East St. Louis. That note was sold and indorsed to Eugene Oulvey but the mortgage was not otherwise assigned. No notice was given to the mortgagors of the fact that Oulvey had purchased the note until the summer of 1922. Oulvey died testate and his wife, Josephine Oulvey, became the owner of the note under the terms of his will. On February 23, 1918, said Carr and wife conveyed the premises to appellants subject to the mortgage which they assumed and agreed to pay.

The note and interest coupons were payable at the office of Renshaw. Appellants paid the interest to Renshaw until the maturity of the note on February 23, 1918, and Renshaw paid the same to Oulvey. After that date Renshaw paid the interest to Oulvey until February 23, 1922. When the mortgage was due on February 23, 1918, appellants paid Renshaw $100 and gave him a new mortgage for $1,500 falling due in three years with interest at 6% in satisfaction of the $1,600 mortgage. Renshaw then released the $1,600 mortgage but never paid Oulvey or his wife any part thereof except the interest as it fell due from time to time until February 23, 1922. The $1,600 note and mortgage were not in the hands of Renshaw at the time he released it and took the $100 and the new mortgage. Oulvey had no knowledge of the fact that it was released until the summer of 1922.

Renshaw, as trustee, sold and indorsed the $1,500 note to Henry D. Nies in June, 1918, but the mortgage

was not otherwise assigned. No notice was given to
appellants of the fact that Nies had purchased the
note until the summer of 1922. After Nies purchased
the note and before appellants learned of that fact,
appellants paid Renshaw $1,000 on the principal and
all interest up to February 23, 1922. Renshaw paid
the interest on said mortgage to Nies until February
23, 1922, but did not pay him any part of the $1,000
which he had collected on the principal.

Josephine Oulvey filed a bill to foreclose her mort-
gage and to set aside the release thereof on the theory
that Renshaw had no authority to collect the amount
due or to release the same. Henry D. Nies filed a
cross-bill to foreclose the $1,500 mortgage. The evi-
dence does not disclose that Renshaw was the agent
of any of the parties. The court found that Renshaw
released the $1,600 mortgage without authority and
that the release should be set aside and the mortgage
foreclosed for the full amount; but that when Nies
purchased the $1,500 note he did so on the faith of
the record of the release of the $1,600 mortgage and
his $1,500 mortgage was a prior lien and should be
first paid out of the proceeds of the sale ordered by
the court. The court found that appellants were not
entitled to credit on the $1,500 mortgage for the $1,000
paid on the principal because the same was paid after
the purchase of the note by Nies. The court also
found that appellants paid Renshaw $100 in cash and
gave him the $1,500 note and mortgage in payment of
the $1,600 mortgage.

The rule is, that the assignee of a mortgage, to pro-
tect himself from payments made by the mortgagor
to the mortgagee, must give notice to the mortgagor
of the assignment to him. *Schultz v. Sroelowitz,* 191
Ill. 249; *Gemkow v. Link,* 225 Ill. 21. But when appel-
lants procured a conveyance of the premises from
Carr and wife they assumed and agreed to pay the
$1,600 mortgage which the grantors had given to Ren-

shaw as trustee. In such a case the rule above stated does not apply. *Schultz v. Sroelowitz, supra.* The release of the $1,600 mortgage by Renshaw without authority and without the payment of the note secured thereby did not discharge the lien as between the original parties, nor as to subsequent purchasers chargeable with notice of the breach of trust. *Lennartz v. Quilty,* 191 Ill. 174.

The consideration for the $100 paid by appellants and the $1,500 note and mortgage executed by them to Renshaw was the release of the $1,600 mortgage. Renshaw, the mortgagee in the new mortgage, knew that he had no authority to release the $1,600 mortgage, and knew that Oulvey had not been paid. He received the $1,500 note and mortgage from appellants without giving them any valid consideration therefor. A few months later he sold and assigned the note to Nies. If Renshaw now held the note and mortgage and were seeking to foreclose the mortgage, appellants could defend on the ground that there was a want or failure of consideration. Does Nies stand in any better position in so far as this proceeding is concerned? A person buying a mortgage takes it subject to all the infirmities to which it is liable in the hands of the mortgagee, and where a trust deed is given to one of the contractors to secure a building loan to complete the building, the abandonment of the work by the contractor is a failure of consideration, which may be set up in equity against the foreclosure of the trust deed by an assignee thereof. *Pittsburgh Plate Glass Co. v. Kransz,* 291 Ill. 84.

If appellants desired to present the defense of laches to the original bill they should set it up in their answer thereto. *Ogden v. Stevens,* 241 Ill. 556. They did not claim, in their answer to the cross-bill, that there was a want or failure of consideration for the $1,500 note and mortgage. For that reason they cannot avail themselves of those defenses even though

they may appear in the evidence. *Millard v. Millard,* 221 Ill. 86. They set up the defense, however, that they paid Renshaw, the mortgagee, $1,000 of the principal and all the interest up to February 23, 1922, before they had any notice that he had sold the note and mortgage to Nies. They claimed that they were entitled to credit for the amount so paid and offered to pay the balance due thereon.

The court found that the note and mortgage were sold to Nies before any of the payments were made to Renshaw; that Nies had possession of the note and mortgage at all times thereafter and that Renshaw was not his agent to collect; that Renshaw paid Nies no part of the $1,000 collected from appellants and that because of the fact that the payments were made after Nies became the owner of the note and mortgage appellants were not entitled to credit for the payments so made.

A person buying a mortgage takes it subject to all the infirmities to which it is liable in the hands of the mortgagee, and in equity the mortgagor is entitled to every defense against the assignee which he could have made against the mortgagee himself. *Pittsburgh Plate Glass Co. v. Kransz,* 291 Ill. 84-91. Where the assignee of a mortgage had failed to notify the mortgagor of the acquisition of the mortgage, such mortgagor is entitled, in the absence of knowledge of the transfer of the security, to show, as against the assignee, all payments made upon the mortgage, after the assignment, to the mortgagee. *Bensley v. Bartholf,* 137 Ill. App. 420, 234 Ill. 336; *McAuliffe v. Reuter,* 166 Ill. 591.

This is not a suit at law on a negotiable instrument, but is a proceeding in equity to foreclose a mortgage, a non-negotiable instrument, and must be controlled by equitable principles. It was assignable only in equity and was subject to the same equitable defense as if sought to be foreclosed by Renshaw on his own

behalf. It was the duty of Nies to give notice to appellants of the assignment to him if he would protect himself from payment to Renshaw. Having failed to give such notice he is in no position to invoke the equitable doctrine that where one of two innocent persons must suffer loss because of the fraud of a third person, the loss must fall on him who by his conduct has put it in the power of such third person to make the loss possible. *Napieralski v. Simon,* 198 Ill. 384-388.

It is evident, therefore, that the court erred in refusing to allow appellants credit on the Nies mortgage for the $1,000 paid to Renshaw before they were advised of the assignment of the mortgage. The mortgage should not have been foreclosed for more than $500 and the unpaid interest. If Nies were suing at law as an innocent purchaser of the note before maturity appellants would not be entitled to credit for the $1,000 paid to Renshaw under the facts disclosed by this record. *Zollman v. Jackson, T. & S. Bank,* 238 Ill. 290.

If the note were originally payable to Nies, or if the appellants knew that it had been assigned to him before the payments were made, appellants would not be entitled to credit on the mortgage for such payments without proof that Renshaw had express or implied authority from Nies to receive payment of the note under *Fortune v. Stockton,* 182 Ill. 454, and similar cases. But under the record in this case, appellants are entitled to credit under the other rule above stated without regard to the fact whether Renshaw was the agent of Nies.

Appellees concede that the Nies mortgage is a prior lien to the Oulvey mortgage, and the court so found. The decree in that regard and as to the amount due under the Oulvey mortgage, will stand, but the amount due under the Nies mortgage should be reduced to $500 and the unpaid interest. The solicitors' fees al-

lowed for the foreclosure of the Nies mortgage were $242 and should be reduced accordingly. The decree is affirmed in part and reversed in part with directions to modify it in accordance with the views herein expressed. Appellants will pay one-half of the costs in this court and appellee Nies will pay the remainder.

*Affirmed in part and reversed in part with directions.*