Henry E. Rosene, Trustee, and Howard C. Wade (Complainants), Appellants, v. Carl G. Murphy and Maude Murphy, Appellees.

W. R. Hidy, Intervening Petitioner, Appellee, v. Henry E. Rosene, Trustee et al., Defendants.

Gen. No. 8,590.

Heard in this court at the October term, 1931. Opinion filed October 17, 1932.

Boyer & Leonard and McKinney, Lynde & Grear, for appellants.

Dobbins & Dobbins, for appellee W. R. Hidy.

Busch & Harrington, for appellees Carl G. Murphy and Maude Murphy; C. E. Tate, of counsel.

Mr. Justice Niehaus delivered the opinion of the court.

The appellants, Henry Rosene, as trustee, and Howard C. Wade, as complainants, filed a bill in equity in the circuit court of Champaign county to foreclose a trust deed. The bill alleges that Carl G. Murphy and Maude Murphy, his wife, defendants, being indebted in the sum of $7,764.04, made, executed and delivered their three promissory notes payable to bearer and payable at the office of W. R. Hidy in Champaign, Illinois, or at such other place as the legal holder thereof might from time to time in writing appoint; and that the appellant, Howard C. Wade, has possession of and is the legal owner and holder of the notes mentioned; and that Carl G. Murphy and Maude Murphy on August 30, 1928, had conveyed to Henry E. Rosene as trustee certain real estate described to secure the payment of principal and interest of said notes; that the said Carl G. Murphy and Maude Murphy agreed to pay the indebtedness secured by the trust deed and evidenced by the notes to the said trustee at the office of W. R. Hidy, or such other place as might be designated from time to time on or before the 30th day of each and every month in payments of $86.36; that the said trust deed did not by its terms relieve the said Carl G. Murphy and Maude Murphy of their duty to see to the application of said trust funds by the said trustee; that the trust deed provided that in a case of default in making the monthly payments as provided therein the whole principal sum secured thereby would become immediately due and payable without notice; that upon such default the holder of the said notes, or the trustee for the benefit of the holder of the notes, would have the right to foreclose said trust deed; that the said Carl G. Murphy and Maude Murphy have

failed to pay the sums specified to be paid in said notes and trust deed to the trustee or to the legal holder of the said notes; that Henry E. Rosene, trustee, has never received any monthly payments on account of said notes; further alleged upon information and belief that if the said Carl G. Murphy and Maude Murphy had made certain monthly payments to W. R. Hidy at his office in Champaign, such payments were made with the full knowledge that W. R. Hidy would appropriate the same to his own use and would not pay them over to the trustee, and that in violation of their duty to see to the application of the funds paid by them to such trustee and for the purpose of defrauding the owner and holder of said notes, the said Carl G. Murphy and Maude Murphy entered into a conspiracy with the said W. R. Hidy by which it was agreed that the said Murphys make such payments to said Hidy in order that he might appropriate them to his own use and deprive the said trustee and the owner of the notes of the benefit of such funds. It is further alleged that upon being informed that certain payments had been made to Hidy, by Carl G. Murphy and Maude Murphy, Howard C. Wade as the legal holder of the notes payable to bearer executed a notice in writing changing the place of payment from the office of W. R. Hidy in the City of Champaign to the office of McKinney, Lynde & Grear, attorneys for Howard C. Wade, at 105 W. Adams street, Chicago, Illinois; that said written notice was served upon said Murphys on March 22, A. D. 1929, but that they persisted in their refusal and failure to make any payments whatsoever on account of said notes in accordance with the terms thereof and of said trust deed.

In a joint answer of the defendants, Carl G. Murphy and Maude Murphy, the defendants, deny that they were indebted in the sum of $7,764.04 and admit that they were indebted in the sum of $6,800 and aver that at the time of the payment of said $6,800 a com-

mission of $219.75, was exacted from them; allege that they applied to W. R. Hidy, an insurance broker and money loaner in Champaign, for a loan of $6,800 on the premises described in the bill of complaint, and that they were informed by the said W. R. Hidy that he could make the loan for them as a representative of some persons then unknown to the defendants. Further answering, defendants state that they executed the trust deed and the three notes referred to in the bill of complaint; that they had no experience in the execution of a mortgage and understood that the notes for $433.16 and $530.88 were interest coupon notes; that the defendants received no consideration for the two notes above referred to and received $6,800 for the execution of all of said notes; that out of the $6,800 the defendants paid W. R. Hidy a commission of $219.75; that the transaction was usurious and that if the complainants are entitled to any relief they are not entitled to any interest upon the notes, and not entitled to any more money than was actually paid to the defendants, excepting a reasonable commission. Further answering, defendants state they paid each month at the office of W. R. Hidy the sum of $86.36 from the date of the execution of the mortgage up to and including the date of the filing of the answer; that they are not in default in the payments of monthly instalments, and defendants deny that the complainants in the bill are entitled to the relief prayed for.

Thereafter an order was entered in the cause giving W. R. Hidy leave to file an intervening petition, and an intervening petition was thereupon filed. The intervening petition of W. R. Hidy states that Hidy is in the insurance and real estate loan business; that the United States Mortgage Bond Company and United States Trust Company are corporations engaged in the business of loaning money on real estate and of purchasing real estate loans and carry on a portion

of their business in the City of Chicago, State of Illinois, through their duly authorized agents and representatives; that Henry E. Rosene, trustee, is in the employ of the United States Mortgage Bond Company, and that Harold C. Wade resides in the City of Detroit; that on the 30th of August and prior thereto the United States Mortgage Bond Company and the United States Trust Company were engaged in the above business in Illinois through duly authorized agents and representatives, Herald, Broms & Co., a corporation, which maintained its offices at 29 South LaSalle street; that on August 30, 1928, the defendants were desirous of purchasing real estate described in the bill of complaint; that there was a mortgage on the real estate from Frank Fleming, the vendor of the premises; that the Murphys agreed to convey said premises owned by them and to pay Frank Fleming the sum of $6,800 out of which payment the incumbrances on the premises so purchased by the Murphys was to be paid and the mortgage released; that in order to make the exchange and purchase, it was necessary for the Murphys to procure a loan and secure said loan by mortgage or trust deed on the said premises to be purchased by them from Fleming; that Herald, Broms & Co., a corporation, and duly authorized agent and representative of United States Mortgage Bond Company, on the first day of September, as the agent and representative thereof and in furtherance of the business of said company, represented to the petitioner that Herald, Broms & Co. was engaged in the business of securing loans for said corporation and represented that they would purchase loans secured by your petitioner provided said loans complied with the requirements of said company; that Herald, Broms & Co. forwarded to the petitioner blank forms and instructions for loans prepared by the United States Mortgage Bond Company for the purpose of assisting Hidy in preparing loans ac-

ceptable to the United States Mortgage Bond Company, among which plans of the United States Mortgage Bond Company it was provided that Hidy was to procure an abstract of title to the premises on which the loan was to be secured showing the premises free and clear, together with an opinion of an attorney and an application for a guaranty of title on a form provided and acceptable to the New York Title and Mortgage Company in order to procure a mortgage guaranty policy; that Hidy examined the loan plans and instructions to meet the requirements of the United States Mortgage Bond Company; that the plans were prepared by George Barnett, a representative and agent of United States Mortgage Bond Company and Herald, Broms & Co.; that Hidy recommended and induced the Murphys to make application for Plan No. 9; that the loan was prepared according to plans which had been prepared and furnished by Herald, Broms & Co. and the United States Mortgage Bond Company as one of the plans acceptable to the United States Mortgage Bond Company; that according to the plan it was required that the Murphys sign an application for the loan on a blank prepared by the said complainant which was signed and forwarded by Hidy to Herald, Broms & Co., who forwarded it to United States Mortgage Bond Company, who objected to certain features. Hidy then induced the Murphys to accept another plan and execute a new application which was submitted to the United States Mortgage Bond Company and accepted by it. Hidy was instructed by the United States Mortgage Bond Company to execute a loan agreement and trust deed conveying the premises to Henry E. Rosene, trustee, and also notes for the sum of $7,764.04 payable in monthly instalments; that the Murphys were to receive $6,800; that the difference between the face of the notes and the net amount was represented to be for commissions for the

making of said loan; that the United States Mortgage Bond Company and its agent required that the Murphys sign an application for a New York Title and Mortgage Company mortgage policy and also to procure the said title insurance; required that Hidy get an opinion of title showing title free and clear in the Murphys and procure an appraisement, all of which were procured for the United States Mortgage Bond Company by Hidy; that in order to procure the Murphys to sign the said application and to procure an opinion of title satisfactory to the United States Mortgage Bond Company, Hidy advanced to the Murphys from his own funds $6,800 to be used in paying off the incumbrances. It was understood and agreed that this sum was to be repaid to this petitioner by the Murphys out of the loan being made on the premises by the United States Mortgage Bond Company; that the said mortgage is the same mortgage set out in the bill; that on September 1, 1928, Hidy forwarded trust deed, notes, abstract of title, opinion of attorney, and application for title guaranty to the said Herald, Broms & Co., agent as aforesaid; that Herald, Broms & Co. turned them over to the United States Mortgage Bond Company, who in turn delivered them to the United States Trust Company, who undertook and agreed to complete the loan to the Murphys; that neither United States Mortgage Bond Company nor the United States Trust Company nor anyone in their behalf ever paid $6,800 to the Murphys or any part thereof, but that the United States Mortgage Bond Company turned over notes, etc. to the United States Trust Company, who delivered to its agent, Herald, Broms & Co., the $6,800; that Herald, Broms & Co. then converted that sum of money to their own use; that the United States Mortgage Bond Company and United States Trust Company have converted the said trust deed and notes to their own use without paying the Murphys any

money and without any consideration being given; that the documents were delivered by the Murphys to Hidy on account of the fact that Hidy advanced $6,800 to them; that Hidy has not been reimbursed by the Murphys; that Hidy has demanded of United States Mortgage Bond Company and United States Trust Company that they deliver $6,800 or return to Hidy the notes, trust deed and other papers; that they have not complied but claim they have sold and delivered the papers to Howard C. Wade notwithstanding they had full notice of all facts; that Howard C. Wade is now making claim of ownership, notwithstanding they were obtained by fraud and circumvention and given without any consideration and were not negotiable securities.

The petition prays for the following relief:

(1) That the complainants and the defendants should be directed to return the documents and papers or to pay the petitioner $6,800 with interest.

(2) That the complainants and their agents or assigns be enjoined from selling or disposing of the trust deed and notes;

(3) That Hidy should be subrogated to all the rights of the holders of said notes and to the lien of the mortgage upon said premises.

Afterwards, by leave of court, an amendment was made to the intervening petition, the amendment being to insert toward the end of paragraph 5 of the original intervening petition:

"That the Murphys requested Hidy to advance money to pay off the mortgage on the premises; that Hidy borrowed $6,800 from the First National Bank of Champaign and did pay off said incumbrances, it being then and there understood that while said mortgage was to be released of record Hidy was to hold the lien of the mortgage until he should be repaid with funds to be derived from the mortgage to be procured

from the United States Mortgage Bond Company; that the notes and mortgage were to be executed to a trustee and turned over to Hidy to be delivered to the United States Mortgage Bond Company, and that the funds derived from the loan to be made by the United States Mortgage Bond Company were to be paid to Hidy to repay him for moneys advanced to take up the prior mortgage, by reason of which Hidy was subrogated to the lien of said prior mortgage ahead of and prior to any lien of said mortgage of the United States Mortgage Bond Company.

"That the mortgage and trust deed of the United States Mortgage Bond Company are the same as set up in the original bill; that Hidy advanced $6,800 to take up the original mortgage and received the trust deed, mortgage and notes from the Murphys and forwarded them to the United States Mortgage Bond Company through their agents, the said Herald, Broms & Co., and that neither the United States Mortgage Bond Company nor anyone for them have ever paid to the petitioner or to the Murphys $6,800 or any part thereof, but on the contrary turned over to its own agent the sum of $6,800."

And petitioner amended the prayer for relief as follows: "That Hidy be subrogated to the lien of said prior mortgage; that the said prior mortgage be declared a subsisting lien prior to that of Howard C. Wade and Henry E. Rosene, trustee; that in the alternative if the trust deed be held valid, then the said defendants may be required to deliver $6,800 with interest to Hidy and in the event of their failure that they be enjoined from disposing of said notes and trust deed; that Hidy be subrogated to the rights of the holder to a lien upon the premises to secure the payment of $6,800 with interest."

When the cause was at issue, it was referred to the master in chancery on the original bill and answer

thereto, and the intervening petition and answers thereto. The master heard the evidence presented by the respective parties, and made his report finding that the equities in the cause were with the defendants, Carl G. and Maude Murphy; and that the bill of complaint should be dismissed for want of equity. Numerous objections were filed to the master's report, which were allowed, by the order of the court, to stand as exceptions. The exceptions, upon a hearing by the court, were overruled; and in its decree the court finds that the equities in the cause are with the defendants, Carl G. Murphy and Maude Murphy and the intervening petitioner, W. R. Hidy, and that the original bill filed by the complainant should be dismissed for want of equity. In its decree the court finds the facts substantially as set forth in the intervening petition of W. R. Hidy. During the hearing of the cause the intervening petitioner, W. R. Hidy, deceased, and his widow, as executrix of his estate, was substituted as party complainant in the intervening petition. In the decree the court finds the following facts:

"That the United States Mortgage Bond Company, of Detroit, Michigan, was a corporation with its principal place of residence in the City of Detroit, and State of Michigan, and was engaged in the business of loaning money upon real estate and of purchasing real estate loans on real estate located in the State of Illinois and elsewhere. That Herald, Broms & Co. was a corporation maintaining offices in the City of Chicago, State of Illinois, and was the duly authorized agent and representative of the said United States Mortgage Bond Company of Detroit, Michigan, and as such agent made mortgage loans on real estate in the State of Illinois and elsewhere for and on behalf of the said United States Mortgage Bond Company aforesaid.

"That the said Herald, Broms & Company represented to the said Hidy that it would make loans se-

cured by real estate provided the same complied with the rules of the said Herald, Broms & Company, and thereupon the said Herald, Broms & Company forwarded to the said Hidy certain blank applications to be used for the negotiation of a loan to be made to the said Carl G. Murphy and Maude Murphy; that thereupon the necessary application blanks were duly prepared and executed by which application was made for a loan of $7,000.00 on the premises hereinabove described, and said application was forwarded to the said Herald, Broms & Company, and which application was by Herald, Broms & Company then forwarded to the United States Mortgage Bond Company for its approval. That said application for a loan of $7,000.00 was not accepted by the said United States Mortgage Bond Company, but a loan was finally approved by said United States Mortgage Bond Company in the principal sum of $6,800.00 and which provided for monthly payments of $86.36 for each and every month for a period of ten years.

"The court further finds that thereupon the necessary blank principal notes and trust deed were prepared and forwarded to the said Hidy for execution by the said Carl G. Murphy and Maude Murphy, and the said Carl G. Murphy and Maude Murphy thereupon executed principal note for $6,800, dated August 30, A. D. 1928, payable to bearer in twenty (20) semi-annual installments as therein provided and bearing interest at six per cent per annum; and did also execute Subordinate Note B of the same date in the sum of $433.16, payable to bearer in three (3) semi-annual installments as therein provided; and did also execute Subordinate Note C of the same date, in the sum of $630.88, payable to bearer in four (4) semi-annual payments as therein provided, all of said notes payable at the office of W. R. Hidy, or at such other place as the legal holder thereof may from time to time in writing appoint, all of said installments as pro-

vided in said notes to bear interest after maturity at the rate of seven per cent per annum, the aggregate of said Principal Note and Subordinate Notes B and C being $7,764.04.

"That to secure said notes aforesaid, aggregating $7,764.04, the said Carl G. Murphy and Maude Murphy executed a certain trust deed or mortgage in and by which they conveyed, mortgaged and warranted to the complainant Henry E. Rosene, Trustee, of Detroit, Michigan, the real estate hereinabove described, and which said notes and trust deed were by the said W. R. Hidy forwarded to Herald, Broms & Company of Chicago, and were by Herald, Broms & Company forwarded to the United States Mortgage Bond Company of Detroit, Michigan, and the said United States Mortgage Bond Company thereupon issued its check, dated October 16, 1928, payable to Griswold First State Bank of Detroit, Michigan, for $6,800.00, for the purpose of wiring deposit to the Garfield State Bank, Chicago, Illinois, to be credited to the construction account of its representative and agent Herald, Broms & Company, which check was given for the purpose of advancing the amount of the loan so made to the said Carl G. Murphy and Maude Murphy.

"The court further finds that the complainant, Henry E. Rosene, named as trustee in the trust deed aforementioned, was the secretary or assistant secretary and stockholder of said United States Mortgage Bond Company of Detroit, Michigan, and was secretary of the Complainant Howard C. Wade, and that the said Howard C. Wade was the president, director and stockholder of said United States Mortgage Bond Company of Detroit, Michigan.

"That upon receipt of the funds aggregating $6,800 by Herald, Broms & Company from United States Mortgage Bond Company, the said Herald, Broms & Company, agents of the said United States Mortgage

Bond Company, converted said funds to its own use and failed and refused to transmit said sum to the defendants, Carl G. Murphy and Maude Murphy, or to said W. R. Hidy for them, and that the said Carl G. Murphy and Maude Murphy have not received any consideration for the signing of said notes and trust deed aforesaid from said United States Mortgage Bond Company, Herald, Broms & Company or Howard C. Wade, and neither has the said W. R. Hidy received any consideration whatsoever from the said Herald, Broms & Company or from the United States Mortgage Bond Company or from the said Howard C. Wade, or either of them, for the turning over and delivery of the said mortgage and notes to them or either of them.

"The court further finds that at the time the said Carl G. Murphy and Maude Murphy made application for said loan to the said Herald, Broms & Company said above described premises were subject to the lien of a certain mortgage to the Champaign Loan and Building Association, of Champaign, Illinois, for the sum of $6,665.70, and in order to procure the new loan so requested by the said Carl G. Murphy and Maude Murphy from Herald, Broms & Company, it became necessary that said mortgage to the Champaign Loan and Building Association be paid and satisfied and released of record, and that thereupon at the request of the said Carl G. Murphy and Maude Murphy, the intervening petitioner, W. R. Hidy, advanced the sum of $6,665.70 to pay off said mortgage to the Champaign Loan and Building Association and procured the release of said mortgage from the Champaign Loan and Building Association, and placed the same of record in Champaign County, Illinois, retaining the release thereof as evidence of the payment so made him aforesaid, which payment so made by the said W. R. Hidy aforesaid was made with the understanding and agree-

ment on the part of the said Carl G. Murphy and Maude Murphy that upon receipt by them of the proceeds of said loan so made through the said Herald, Broms & Company, that they would reimburse the said W. R. Hidy the amount so advanced by him as aforesaid.

"The court further finds that in addition to the payment aforesaid of $6,665.70, the said W. R. Hidy paid to the said Murphys the sum of $134.30, which sum together with the $6,665.70 was to be repaid to the said Hidy by the said Murphys from the proceeds of said loan.

"The court further finds that the principal amount of said loan was $6,800.00 and according to the application and plan of the same the said trust deed provided for a monthly payment of $86.36 for each and every month for the period of ten years, at which time said principal note of $6,800.00 and subordinate notes B and C, and all interest thereon, would be fully paid according to the terms thereof. That subsequent to the execution of said notes and trust deed aforesaid said defendants Carl G. Murphy and Maude Murphy made six monthly payments of $86.36 each to the said W. R. Hidy at his office as in said notes provided, and that after the institution of this suit the said Carl G. Murphy and Maude Murphy tendered said monthly installments into court and paid said monthly installments falling due on said loan to the Clerk of the Circuit Court of Champaign County, Illinois, and that they, the said Carl G. Murphy and Maude Murphy, have not made default in the monthly installments as provided in the said notes and trust deed.

"The court further finds that by reason of the said W. R. Hidy, at the request of the said Carl G. Murphy and Maude Murphy, advancing the necessary funds to pay off and satisfy the lien of said mortgage to the Champaign Loan and Building Association aforesaid, and with the understanding and agreement that from

the proceeds of the loan so to be made to the said Carl G. Murphy and Maude Murphy as aforesaid they were to reimburse the said W. R. Hidy for the amount so advanced by him as aforesaid, to pay said mortgage and for the balance of said $6,800.00 so paid to the said Murphys, the said Executrix of the last will and testament of the said W. R. Hidy is entitled to receive from the proceeds of said loan the sum of $6,800.00 with 6 per cent interest thereon from September 1, 1928.

"It is therefore ordered, adjudged and decreed that the said Howard C. Wade, within twenty days from this date, pay to the Executrix of the last will and testament of the said W. R. Hidy, Deceased, or to her attorneys in this cause, the said sum of $6,800.00 with six per cent interest from September 1, 1928, until paid, and thereupon said notes and trust deed shall be delivered to the said Howard C. Wade, and upon such payment being made the said Executrix of the last will and testament of W. R. Hidy, Deceased, and the Clerk of this Court are ordered to pay to the said Howard C. Wade all of said monthly installments so received by them and the said W. R. Hidy, respectively from the Murphys, and credit shall thereupon be given the said Murphys upon said notes for all of said monthly installments, and further, that in the event the said Howard C. Wade shall fail to make said payment within the time specified that then the said Master in Chancery of this court is directed to deliver to said Executrix of the last will and testament of the said W. R. Hidy, Deceased, or to her attorneys in this cause, the said principal note for $6,800.00 and subordinate notes B and C and said trust deed securing the same; that the clerk of this court is in said event ordered to pay to the said Executrix of the last will and testament of said W. R. Hidy, Deceased, or to her attorneys in this cause, said monthly installments so received by him from the said Murphys, and that

said Executrix immediately give credit to the said Murphys for said monthly installments so made to said W. R. Hidy and the Clerk of this Court, and that said Executrix hold said notes and trust deed free and clear of any right, title or interest therein on the part of the said Howard C. Wade.''

This appeal is prosecuted for reversal of the decree; and the appellants rely upon the following errors for reversal of the decree:

The circuit court erred in holding that the defendants, Carl G. Murphy and Maude Murphy, were not in default under the terms and provisions of the notes and trust deed.

The circuit court erred in allowing the intervening petition to be filed, and such petition should have been dismissed because it was not pertinent to the issues formed by the bill and answer.

The circuit court erred in finding that Herald, Broms & Co. was the agent of the United States Mortgage Bond Company, with authority to make loans and disburse the proceeds thereof.

The circuit court erred in admitting evidence of supposed relationship and business transactions between United States Mortgage Bond Company and Herald, Broms & Co. of which the intervening petitioner had no knowledge at the time of the transactions alleged in the intervening petition.

The trial court erred in failing to find that Herald, Broms & Co. was the agent of W. R. Hidy to receive the proceeds of the sale of the notes and trust deed.

Concerning the alleged error of the court in admitting in evidence letter and correspondence passing between Herald, Broms & Co. and the United States Mortgage Bond Company of which the appellant, Howard C. Wade, was a director and president, and the appellant, Henry Rosene, the trustee in the trust deed, also a director, we deem it sufficient to say that the

evidence referred to was properly admitted because it tended to prove the main controverted questions of fact in the case, namely, that Herald, Broms & Co. was the agent of the United States Mortgage Bond Company in making the loan to secure which the promissory notes and trust deed were executed and delivered by Carl G. Murphy and Maude Murphy; and that Wade and Rosene, as directors and officers of the Mortgage Bond Company, are thereby charged with notice and knowledge of this agency, as well as with notice of the negotiations and transactions which took place and were carried on concerning the loan by means of the agency of Herald, Broms & Co.

Concerning the other principal error assigned, namely, that the court found that Herald, Broms & Co. was the agent of the United States Mortgage Bond Company and not the agent of W. R. Hidy, we find that the evidence in the record sustains the finding of the court.

The two other errors assigned relating to the appellants' right to a foreclosure of the trust deed and W. R. Hidy's right to intervene in the cause, it is pointed out that it is apparent from the averments of fact in the intervening petition of W. R. Hidy that the intervening petitioner had an equitable right and interest in the subject matter of the suit, which he was entitled to have adjudicated; and that the court therefore properly allowed this petition to be filed; and that the evidence shows that the United States Mortgage Bond Company did not pay any consideration for the notes and trust deed in question either to W. R. Hidy or Carl G. Murphy and Maude Murphy, the makers of the trust deed. Turning over of the money for the loan to its own agent, Herald, Broms & Co., which money was not delivered to W. R. Hidy or to the mortgagors, would not constitute a consideration

to the mortgagors for execution of the trust deed and notes.

The evidence also sustains the finding in the decree that the mortgagors, Carl G. Murphy and Maude Murphy, were not legally in default in the monthly payments which the trust deed required should be made by them.

For the reasons stated, we conclude that the assignments of error referred to are not well taken and that the decree rendered was proper, and it is therefore affirmed.

*Affirmed.*