FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff-Appellee, *v.* BOBBY BRYANT *et al.*, Defendants-Appellants.

Fifth District   No. 77-410

Opinion filed June 30, 1978.

A. Wendell Wheadon, of East St. Louis, for appellants.

Frank T. Plattner, of Belleville, for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendants Bobby Bryant and Mary Bryant appeal from an order of the circuit court of St. Clair County entering a decree of foreclosure and directing the sale of the mortgaged property. They contend that there was no showing of default in the payments under the terms of the agreement.

In October of 1968, the appellants executed a mortgage and mortgage note relating to the property in question in the amount of $6000. The Modern American Mortgage Corporation was the mortgagee under the agreement. Its interest was later assigned to the plaintiff-appellee, the

Federal National Mortgage Association. The mortgage was insured under the provisions of the National Housing Act (12 U.S.C.A. 1701 *et seq.*). Under the terms of the agreement, payment was due on the first day of each successive month. Payments were made during the period from 1968-1975.

A total of $72 was due on January 1, 1976. The amount payable in February, due on February 1, 1976, was $94. No payment was sent during the month of January. On February 1, 1976, the appellants sent payment in the amount of $94. The check was returned on February 12 with a letter indicating that the January payment, plus a $1.44 late charge, remained due and that the February payment, plus another late charge, was also due. Similar $94 payments were made in March and April of 1976 and were returned by the Federal National Mortgage Association. In May of 1976, the foreclosure suit leading to this appeal was filed.

The parties agree that the propriety of the foreclosure decree is dependent upon a finding of default in January of 1976. Payments for the preceding eight years were timely made by the appellants. It appears from the evidence that each payment was accompanied by a payment card supplied by the mortgagee. The payments cards were designed to insure a proper crediting of the account, and were required by the mortgagee with each monthly payment. The appellant testified that he received no payment cards for January of 1976 until the 25th day of January. After receipt of the cards, payment for February was sent. The mortgagee's representative testified that the cards were issued in January for each successive February-January period. According to the appellee, the proper card for January 1976 was in the possession of the appellant from January of 1975.

The appellants' basic contention is that no default in payment occurred in January of 1976 because of the subsequent payment of an amount sufficient to cover the deficit. According to the appellant, the February payment was wrongfully rejected since it cured any default arising from the failure to pay promptly in January. Appellant contends that the contract itself requires the acceptance of the late payment. In addition, the appellant contends that a court of equity must not countenance such overreaching by a mortgagee creditor. We agree with this latter contention and reverse the trial court's order.

■■ In support of his interpretation of the contract, the appellant notes that the agreement requires the payment of a predetermined amount of principal and interest each month. In addition to this amount, subsection (b) of the mortgage agreement requires variable payments to the mortgagee in an amount sufficient to cover the installments due for mortgage insurance premium, ground rents, fire and other hazard insurance premiums, taxes and assessments. A late charge is authorized

for each payment unpaid 15 days after its due date. The failure to make a sufficient monthly payment constitutes an event of default under the mortgage. The agreement also provides:

> "If the total of the payments made by the Mortgagor under subsection (b) of the preceding paragraph shall exceed the amount of payments actually made by the Mortgagee for ground rents, taxes, and assessments, or insurance premiums, as the case may be, such excess shall be credited by the Mortgagee on subsequent payments to be made by the Mortgagor. * * *"

The appellants contend that this provision requires the acceptance of the late payment and application of the excess to the February payment. We do not agree. The provision refers only to the variable costs of insurance, taxes, and the like. It does not refer to the payment of principal and interest. Because the payments are variable, and the mortgagee may not be required to pay the entire amount collected from the mortgagor, the provision allows the mortgagee to credit the mortgagor's account instead of returning the excess. The provision is not intended to require the acceptance of late payments or to negate any of the mortgagee's rights upon default. The contract itself does not require the acceptance of late payments.

■■ A proceeding to foreclose a mortgage is a proceeding in equity. (*Southwest Federal Savings & Loan Association v. Cosmopolitan National Bank*, 23 Ill. App. 2d 174, 161 N.E.2d 697; *Doster v. Oulvey*, 233 Ill. App. 468.) Under long-standing equitable principles, a party seeking to invoke the aid of a court of equity must do equity. (*Brost v. Juul*, 266 Ill. App. 423.) In this case, the Federal National Mortgage Association received a $94 payment on February 1, 1976. This payment was sufficient to cover the entire amount owing from January 1, 1976, including the late charge. Rather than accepting the tender of payment and crediting the excess to the amount due for February, the appellee rejected payment and demanded prompt payment for January and February. In addition, this demand included a late charge for February even though the 15-day period during which the mortgagor could pay without incurring a charge had not elapsed. We hold that the failure to accept the payment and to apply it to the amount due in January, thereby curing the default, is in violation of the principle that one who seeks equity must do equity.

This result is buttressed by those cases which hold the acceptance of partial payments by the mortgagee does not prevent the subsequent enforcement of the terms of the mortgage, including any right to foreclose upon the failure to pay the balance. (*Salamon v. Stoddard*, 107 Ill. App. 227; *Houston v. Curran*, 101 Ill. App. 203.) Had the appellant offered to pay less than the required amount due in January, acceptance of the monies by the mortgagee would not have deprived them of the

right to institute foreclosure proceedings for default. But where, as here, the late payments are sufficient to cure the default, the refusal to accept is inequitable.

Then too, under the provisions of Ill. Rev. Stat. 1975, ch. 95, par. 57, a defaulting mortgagor has the right to cure a default in payment by tendering the principal then due, excluding acceleration, plus costs, expenses, and reasonable attorney fees within 90 days after service of summons or prior to the entry of the foreclosure decree, whichever first occurs. (*Paulauskas v. Rumsas*, 1 Ill. App. 3d 460, 275 N.E.2d 270.) Under the statute, the appellants' tender of $94 on February 1, 1976, would have cured the January default had the foreclosure suit been instituted before payment. No costs or attorney fees were incurred prior to February 1. Since the law allows a defaulting mortgagor to cure his default by payment of the principal due plus attorney fees, it is equitable that a defaulting mortgagor be permitted to cure his default by tender of the principal and interest due before suit has been filed. Since no attorney fees prior to the filing of the foreclosure suit have been claimed here, the tender need not include a reasonable amount for attorney fees. The Federal National Mortgage Association had no right to reject the February payment of $94 since this amount was sufficient to cure the January default of $73.44. Where there is no default, there is no right to institute a foreclosure proceeding. *Rosene v. Murphy*, 268 Ill. App. 70; *Coffing v. Taylor*, 16 Ill. 457.

Although neither party has directed our attention to the rules promulgated by the Department of Housing and Urban Development under the authority granted in the National Housing Act (12 U.S.C.A. 1701 *et seq.*) and subsequent amendments, an independent examination establishes a result consistent with our decision on equitable principles. Title 24 C.F.R. 203.31 provides:

> "For the purpose of this subpart, the date of default shall be considered as 30 days after—
>
> (a) The first uncorrected failure to perform any obligation under the mortgage; or
>
> (b) The first failure to make a monthly payment which subsequent payments by the mortgagor are insufficient to cover when applied to the overdue monthly payments in the order in which they became due."

Under this rule, the mortgagee has the right to correct a default in monthly payments through subsequent payments. Where subsequent payments are sufficient to cover the amount outstanding, the date of default is extended. Since the February 1 payment was sufficient to cover the amount due in January, the date of default would be extended. The

same result would be reached under the HUD rules as achieved by the application of equitable principles.

■■ Since the appellant's tender of payment on February 1 cured the January default, the plaintiff-appellee had no right to reject payment and institute foreclosure proceedings. Accordingly, the judgment of the circuit court of St. Clair County is reversed and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

JONES and WINELAND, JJ., concur.