The LOMAS & NETTLETON
COMPANY, Plaintiff,

v.

Jessee HUMPHRIES and Beulah
Humphries, Defendants.

No. 88 C 4243.

United States District Court,
N.D. Illinois, E.D.

Jan. 24, 1989.

Martha E. Tjossem, Kevin P. Brown, Shapiro & Kreisman, Chicago, Ill., Elaine S. Kernes, Shapiro & Kreisman, Deerfield, Ill., for plaintiff.

Marshall A. Levin, Chicago, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

ROVNER, District Judge.

This mortgage foreclosure action was instituted after a dispute arose between the plaintiff mortgagee, The Lomas & Nettleton Company, and the defendant mortgagors, Jessee and Beulah Humphries, over four mortgage payments. On June 10, 1987, plaintiff's attorney returned three payments to Jessee Humphries along with a letter which stated that they were not

enough to reinstate the mortgage and that plaintiff was investigating the four previous payments which defendants claimed they had made. On May 16, 1988, plaintiff filed this foreclosure action, predicating jurisdiction on diversity of citizenship. By that time, defendants were approximately thirteen payments in arrears. This number has continued to grow during the progress of the foreclosure action. On November 2, 1988, plaintiff's attorney sent a letter to defendants' attorney stating that two of the disputed payments had been applied to the appropriate months at about the time they were made and that the other two had been applied to "unapplied funds."

The parties came close to reaching a resolution which would allow defendants to reinstate the mortgage. The sticking point in the negotiations, however, was attorneys' fees. Defendants filed a motion to reinstate the mortgage which requested a ruling that defendants are not liable for plaintiff's costs and attorneys' fees. Plaintiff, in opposing the motion, now contends that reinstatement is no longer allowable because the ninety-day statutory reinstatement period has passed.

■ The Illinois statute governing recovery of costs and attorneys' fees in the event of reinstatement provides in part:

In any foreclosure of a mortgage executed after July 21, 1959, which has become due prior to the maturity date fixed in the mortgage, or in any instrument or obligation secured by the mortgage, through acceleration because of a default under the mortgage, a mortgagor may reinstate the mortgage as provided herein. Reinstatement is effected by curing all defaults then existing, other than payment of such portion of the principal which would not have been due had no acceleration occurred, *and by paying all costs and expenses required by the mortgage to be paid in the event of such defaults,* provided that such cure and payment are made prior to the expiration of 90 days from the date the mortgagor or, if more than one, all the mortgagors (i) have been served with summons or by

publication or (ii) have otherwise submitted to the jurisdiction of the court.... Ill.Rev.Stat. ch. 110 ¶ 15–1602 (emphasis added). The parties agree that this statute allows plaintiff to recover the costs and attorneys' fees "required by the mortgage." They disagree over what the mortgage requires. The mortgage provides in part:

*In case of foreclosure* of this mortgage by said mortgagee in any court of law or equity, a reasonable sum shall be allowed for the solicitor's fees of the complainant in such proceeding and for the stenographer's fees of the complainant in such proceeding, and also for all outlays for documentary evidence and the cost of a complete abstract of title for the purpose of such foreclosure....

(Emphasis added.)

The dispute centers on the meaning of the term "foreclosure" in the mortgage. Defendants argue that a reinstatement is not a foreclosure, that a foreclosure does not occur where the case does not proceed to judgment, and that a reinstatement is not mentioned in the mortgage as a circumstance giving rise to liability for costs and attorney's fees.

Plaintiff argues that "foreclosure" refers not to a final judgment of foreclosure but to an action for foreclosure. In support of this argument, plaintiff cites Ill. Rev.Stat. ch. 110 ¶ 15–1203, which defines "foreclosure" as "an action commenced under this Article."

Defendants reply that such a definition would allow the mortgagee to recover costs and attorneys' fees even in cases in which the defendants prevail on the merits.

The Court finds that "foreclosure" has the meaning urged by plaintiff. The Illinois statute consistently uses the word to refer to the proceeding itself, not to its resolution. For example, § 15–1602 further provides that " 'to foreclose' means to terminate legal and equitable interests in real estate *pursuant to a foreclosure.*" (Emphasis added.) Similarly, § 15–1602 sets forth the reinstatement procedure allowed "in any *foreclosure* of a mortgage." (Emphasis added.)

Such a reading is not inequitable. If a reinstatement is necessary, presumably there has been a default which necessitated institution of a foreclosure action. Between the mortgagee, which is merely enforcing its security interest, and the mortgagor, who has defaulted, it is reasonable to determine that the latter should bear the costs resulting from the default. If the foreclosure action results in a judgment favorable to the mortgagor, or if for some other reason recovery of part or all of the costs and attorneys' fees would be inappropriate, the court retains the power to deny costs and fees accordingly. Indeed, this power is recognized in the mortgage contract, which provides for allowance of a "reasonable" sum.

■ In this case, therefore, defendants' motion to preclude recovery of any costs and attorneys' fees as a matter of law is denied. Defendants' motion for reinstatement, however, is granted. It appears that defendants' failure to reinstate within the ninety-day time period was a result of good-faith disputes concerning the appropriate amount which needed to be tendered. Defendants apparently attempted to tender the necessary payment, and their attempts were rejected on the basis that they had not tendered the appropriate amount. Furthermore, the defendants' motion to reinstate was filed before the expiration of the reinstatement period, and it would be unfair not to toll the period while the parties were briefing and awaiting a ruling on the legal question of plaintiffs' entitlement to attorneys' fees as part of the reinstatement amount.

Finally, the parties have presented some argument as to whether the amount of costs and attorneys' fees sought by plaintiff is reasonable. Defendants contend that the foreclosure proceeding was not necessary in the first place and that it is plaintiff's fault that it has dragged on. Indeed, defendants argue that it is they who are entitled to recover costs and attorneys' fees. However, the parties have presented insufficient information to allow the Court to rule on these issues. The Court is inclined to agree with defendants that plaintiff is not entitled to recover all of its costs and fees, in light of defendants' consistent good-faith desire to reinstate the mortgage. The Court cannot, however, at this time take a position as to whether plaintiff is entitled to costs and attorneys' fees at all or, if so, what is a reasonable amount. If the parties are unable to agree on an appropriate amount of reasonable costs and attorneys' fees, plaintiff may bring a motion by February 8, 1989.

Because the Court is granting defendants' motion for reinstatement, conditioned upon the payment of all defaults and any reasonable costs and attorneys' fees, judgment will be entered at this time pursuant to Fed.R.Civ.P. 58. The Court retains jurisdiction until March 30, 1989, to enforce this order and to entertain a motion for costs and attorneys' fees or a motion for reinstatement, both of which the Court hopes will not be necessary.