Henry MOORE, Leola Moore, Joseph Washington, and Dorothy Washington on behalf of themselves and all others similarly situated, Plaintiffs,

v.

LOMAS MORTGAGE, USA, INC., Defendant.

LOMAS MORTGAGE USA, INC., Counterplaintiff,

v.

Joseph WASHINGTON and Dorothy Washington on behalf of themselves and all others similarly situated, Counterdefendants.

Maureen RUSHTON, on behalf of herself and all others similarly situated, Intervenor,

v.

LOMAS MORTGAGE USA, INC., Counterdefendant.

No. 90 C 5816.

United States District Court, N.D. Illinois, E.D.

Feb. 17, 1993.

James R. Daley, Suzanne S. Greem, Robert C. Micheletto, Jones, Day, Reavis & Pogue, Chicago, IL, for defendant.

Daniel A. Edelman, Lawrence Walner, Chicago, IL, for plaintiffs.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Intervenor Maureen Rushton has filed class action claims against Lomas Mortgage USA, Inc. for breach of contract (Count III) and violation of the Illinois Consumer Fraud and Deceptive Practices Act (Count IV).[1] Rushton's claims arise out of Lomas' offer to reinstate her mortgage before instituting a foreclosure action only if Rushton agreed to pay, in addition to the amount she owed in delinquencies and late fees, Lomas' attorney's fees occasioned by her default. Rushton contends that because the mortgage contract did not authorize Lomas' demand for attorney's fees in return for reinstatement

---

1. The Court has previously denied Rushton's Motion for Leave to Intervene with respect to Counts I and II.

before foreclosure, Lomas breached the mortgage contract. The statutory violation alleged in Count IV is wholly dependent on Rushton's breach of contract claim.

## BACKGROUND

Lomas and Rushton executed the mortgage contract at issue in 1981. Under the terms of the mortgage, Rushton was required to make aggregate monthly payments of principal, interest, taxes and insurance. The mortgage provides that "[a]ny deficiency in the amount of any ... aggregate monthly payment shall, unless made good prior to the due date of the next payment, constitute an event of default under this Mortgage." The note executed in connection with the mortgage contains the following provision:

> If there be any deficiency in the payment of any ... installment of principal and interest for a period of thirty (30) days after the due date thereof, the holder of this note may, at its option, and without notice, declare all the unpaid principal and accrued interest of said note immediately due and payable.

The mortgage also provides for acceleration of the loan upon default. Furthermore, the mortgage states that "[i]n the event that the whole of said debt is declared to be due, the Mortgagee shall have the right immediately to foreclose this mortgage."

In a November 18, 1990 letter, Lomas notified Rushton, who was three months behind in her mortgage payments, that she was in default of the mortgage contract. Lomas' November 18 letter informed Rushton that in order to cure her default and prevent acceleration of her loan, she had to pay the three installments she had missed and the attendant late charges within thirty days from the date of the letter. Rushton does not challenge the propriety of the November 18 letter as the Court has thus far described it. But the letter also contained an offer of reinstatement and therein lies the crux of this dispute. Specifically, the letter stated that if Rushton failed to cure her default within thirty days and her loan was accelerated, she could still reinstate the loan before a foreclosure sale. To obtain reinstatement, Rushton would have to pay "all sums which

would then be due if no acceleration occurred," and reasonable expenses incurred by Lomas in connection with her default, including attorney's fees.

Thirty days passed and Rushton had not cured her default. She then received a letter from Lomas' attorneys dated February 8, 1991. Through this letter, Lomas informed Rushton that it intended to file a foreclosure action but that she could still reinstate her loan by paying the amount in arrears, late charges and attorney's fees by February 15, 1991. Rushton did not make the requested payments and Lomas commenced foreclosure proceedings.

## DISCUSSION

Has Lomas breached its contract with Rushton by conditioning its offer to reinstate her mortgage on her payment of Lomas' attorney's fees? The answer depends on whether Lomas was under a duty to reinstate Rushton's mortgage without imposing such a condition. Put another way, if the mortgage contract, common law or statutory law grants Rushton a right to obtain reinstatement by paying only the arrearage and late fees, then perhaps Lomas has infringed that right by demanding attorney's fees as well.

The question presented is not a difficult one. The mortgage contract and applicable law reveal quite readily that the duty Rushton seeks to impose on Lomas (and the right she tries to create for herself) have no basis in fact or law. The mortgage contract authorizes attorney's fees "in case of foreclosure of this mortgage by said Mortgagee in any court of law or equity," or "in case of any suit, or legal proceeding, wherein the Mortgagee shall be made a party thereto by reason of this mortgage." In their brief opposing this motion, Rushton's counsel mischaracterizes the language of the mortgage by inserting the word "only" before the provision quoted above authorizing attorney's fees upon foreclosure or the commencement of some other judicial proceeding. Having altered the language to their advantage, Rushton's counsel then argues that "[o]n its face, this language permits fees only if a judicial proceeding is commenced." Rushton Re-

sponse Brief at 10. This argument is at best inane and at worst misleading.

The mortgage contract contains no language barring Lomas from offering to reinstate the mortgage in return for payment of delinquencies and attorney's fees. And neither law nor logic dictates that because the contract authorizes attorney's fees after foreclosure, Lomas is barred from demanding attorney's fees in exchange for reinstatement before foreclosure. The mortgage contract provides a mortgagor in default two undesirable choices: pay the entire debt or suffer foreclosure. Lomas offered Rushton a third choice—an extracontractual offer not prohibited by the mortgage documents that Rushton was free to accept or reject. Since the mortgage contract does not obligate Lomas to offer to reinstate Rushton's mortgage, or limit such an offer in the manner Rushton suggests, the mortgage contract does not provide a basis for Rushton's breach of contract claim. *Cf. Cushman & Wakefield v. Northbrook 500 Ltd.,* 112 Ill.App.3d 951, 68 Ill.Dec. 460, 467, 445 N.E.2d 1313, 1320 (1 Dist.1983) (no breach of contract where parties never contracted as to maximum amount to be spent for construction).

Furthermore, neither the common law nor pertinent statutory authority supports Rushton's cause. In the words of the Supreme Court of Illinois, "[t]he right to reinstate a delinquent mortgage was unknown to the common law and is purely statutory." *First Federal Savings and Loan Assoc. of Chicago v. Walker,* 91 Ill.2d 218, 62 Ill.Dec. 956, 958, 437 N.E.2d 644, 646 (1982).[2] The statute on which Rushton bases her claim is section 15–1602 of the Illinois Mortgage Foreclosure Law, Ill.Rev.Stat. ch. 110, § 15–1602 (1991) ("reinstatement statute"). The statute provides:

> In any foreclosure of a mortgage ... which has become due prior to the maturity date fixed in the mortgage ... through acceleration because of default under the mortgage, a mortgagor may reinstate the mortgage as provided herein.... Rein-

statement is effected by curing all defaults then existing ... and by paying all costs and expenses required by the mortgage to be paid in the event of such defaults ... Ill.Rev.Stat. ch. 110, § 15–1602.

Judge Rovner has construed the term "foreclosure" in the reinstatement statute to mean "the [foreclosure] proceeding itself." *Lomas & Nettleton Co. v. Humphries,* 703 F.Supp. 757, 758 (N.D.Ill.1989). Judge Rovner's interpretation is supported by the plain language of the statute, which defines the term "foreclosure" as "an action commenced under this Article...." Ill.Rev.Stat. ch. 110, § 15–1203. This interpretation is further buttressed by the statute's requirement that mortgagors exercise their right of reinstatement 90 days from service of summons or 90 days from submission to the jurisdiction of the court, as both time periods are defined by the filing of a foreclosure action. Ill.Rev. Stat. ch. 110, § 15–1602.

Since "foreclosure" refers to an action for foreclosure it follows that the statute affords mortgagors in default the right to reinstate their mortgage once an action for foreclosure is commenced. Conversely, until the triggering event occurs—the filing of a foreclosure action—the statute confers no reinstatement rights to mortgagors in default. Lomas' offer to reinstate Rushton's mortgage is therefore not within the ambit of the statute because it came before Lomas commenced foreclosure proceedings against her.

Counsel for Rushton relies heavily on *FNMA v. Bryant,* 62 Ill.App.3d 25, 18 Ill. Dec. 869, 378 N.E.2d 333 (5 Dist.1978) to support the argument that the reinstatement statute applies before a foreclosure action is commenced. *Bryant* hurts Rushton's cause more than it helps. The mortgagor in *Bryant* attempted to cure a one-month delinquency by tendering full payment of the arrearage before the mortgagee had commenced foreclosure proceedings. *Bryant,* 18 Ill.Dec. at 870–71, 378 N.E.2d at 334–35. The mortgagee refused to accept the payment and filed a foreclosure suit. *Id.* at 871,

---

**2.** Rushton's counsel cites almost a dozen decisions relating to the propriety of claims for court-awarded attorney's fees when such fees are not authorized by statute or contract. The decisions

are irrelevant to the issue before the Court. The Court can only construe this portion of Rushton's brief as a deliberate effort to confound an otherwise straightforward question of law.

378 N.E.2d at 335. The court held that the mortgagee's conduct was inequitable. *Id.* at 872, 378 N.E.2d at 336.

The court supported its conclusion by analogy to the reinstatement statute, observing:

> Since the law allows a defaulting mortgagor to cure his default by payment of the principal due plus attorney fees, it is equitable that a defaulting mortgagor be permitted to cure his default by tender of the principal and interest due before suit has been filed. *Since no attorney fees prior to the filing of the foreclosure suit have been claimed here, the tender need not include a reasonable amount for attorney fees.*

*Id.* (emphasis added). Thus, contrary to Rushton's assertion, *Bryant* does not stand for the proposition that the reinstatement statute applies before a foreclosure action is filed. Rather, the court held that it is inequitable to foreclose on a mortgage when the mortgagor attempts to cure a one-month delinquency by tendering full payment. Moreover, the *Bryant* court recognized that if equity allows reinstatement before foreclosure such reinstatement may include attorney's fees if fees have been incurred.

In sum, Lomas is not under a contractual duty to refrain from demanding attorney's fees in exchange for reinstatement before foreclosure. Nor does the common law or applicable statutory law grant Rushton a right of reinstatement before foreclosure—let alone a right of reinstatement that prohibits Lomas from demanding attorney's fees as a condition to reinstatement.

## CONCLUSION

Rushton's breach of contract claim is deficient as a matter of law and must fail. Since Rushton's claim for violation of the Illinois Consumer Fraud and Deceptive Practices Act is predicated on the breach of contract claim, her statutory claim falls too. Both claims are dismissed with prejudice.