The People of the State of Illinois ex rel. Glenn Skonberg and Robert Cherry, Plaintiffs, James Wachtel and Dale Whitaker Intervenors, Appellees, v. Calvin A. Paxton, Defendant-Appellant.

Gen. No. 65–49.

Third District.

November 10, 1965.

Fred J. Brown, of Kewanee, and Cassidy & Cassidy, of Peoria, for appellant.

James Fulton, State's Attorney, of Cambridge, and Andrews & Andrews, of Kewanee, for appellees.

STOUDER, J.

This is a proceeding in Quo Warranto brought by the State's Attorney of Henry County to determine the authority by which Defendant, Calvin A. Paxton held office as Alderman for the City of Geneseo. From an order of ouster entered by the Circuit Court of Henry County, Defendant appeals.

The facts are not in dispute. The City of Geneseo is a municipal corporation organized under a special act of the General Assembly. The city charter provides, "All vacancies that shall occur in the Board of Aldermen, shall be filled by the remaining members of the said Board of Aldermen, by their appointment from the ward wherein the vacancy occurred and a record of the same made in their said journal of proceedings." A vacancy did occur prior to April 9, 1965 due to the death of R. P. McClorey, Alderman of the First Ward.

The City Charter further provides that the City Council of Geneseo shall meet for business on the second Tuesday in each month, and at such other times as may be necessary upon the call of the Mayor, or any two members of the City Council. The second Tuesday in April, 1965 fell on April 13 but on April 9 the City Council met, with the Mayor and all Aldermen present. Since the charter provided for a meeting to declare the results of an election immediately after the poll books had been delivered to the Mayor and since a city election was held on April 5, 1965, it is presumed that one of the purposes of this meeting was to canvass the results of the election.

At the meeting on April 9, immediately following the declaration of election results, the following appears from the journal of the meeting:

297

"Mayor Whitted stated that a vacancy existed for Alderman of the First Ward due to the death of R. P. McClorey, that he would like to appoint Calvin A. Paxton to serve the unexpired term of the late Mr. McClorey as Alderman of the First Ward and asked the members of the City Council to approve this appointment."

"Moved by Alderman Sweeney, seconded by Alderman Woodrum that the appointment of Calvin A. Paxton as Alderman of the First Ward to serve out the unexpired term of the late R. P. McClorey be approved. Carried by the following call note. Those voting yes: Aldermen Carlson, Himmelman, Holke, Sweeney and Woodrum. Alderman Kittrell voted no."

The oath of office was administered to Paxton by the City Clerk on April 12, 1965. On May 6, the State's Attorney for Henry County filed a Complaint in Quo Warranto and on May 12 Appellees Wachtel and Whitaker filed a petition to intervene showing their interest as Aldermen elected on April 5 and seated as members of the City Council on April 12. The prayer of the petition was granted.

Paxton's answer shows his justification to the Complaint by alleging the actions of the Aldermen as above stated. A Motion to strike the answer was filed on grounds that (1) the answer did not show Paxton's appointment by the City Council as required by the charter but showed instead his appointment by the Mayor and the approval of the City Council and (2) a copy of the journal of proceedings of the City Council was not attached to the answer. Concurrently Appellees moved the court to compel Appellant to attach such copy. The trial court sustained the motions to strike and gave Defendant 7 days in which to amend, which amendment was accomplished by attaching to the answer a certified copy of the proceedings of the Council Meeting of April 9, as above quoted. Appellees renewed the motions to strike

alleging that the amended answer showed the appointment to be illegal. The trial court sustained the motions to strike and entered an order of ouster.

Appellant argues that the judgment of the trial court should be reversed because he should not have been required to attach a copy of the proceedings of the City Council and because the actions of the Mayor and Aldermen should have been construed to be in effect, an appointment by the Aldermen.

Appellees argue that Appellant's answer was in effect a plea of justification in which he failed to (1) plead facts showing his right to the office (2) plead his qualifications for office (3) show an appointment as required by the Geneseo Charter and (4) show that the meeting of April 9 was one in which any appointment could be made.

 We think Appellant's contention as to the necessity of attaching a copy of the Council proceedings is without merit. As Defendant in a Quo Warranto proceeding the burden was on Appellant to show affirmatively every fact giving rise to his right to hold the office of Alderman. People v. Kirstein, 413 Ill 333, 108 NE2d 915; People v. Redfirn, 48 App2d 100, 197 NE2d 841. One of such facts was that of his appointment, a record of which was contained in the journal of proceedings, and our Supreme Court has repeatedly held that "the official acts of municipal corporations must be recorded and the records are the only lawful evidence of the action to which they refer. Such record cannot be contradicted or supplemented by oral evidence." People v. Board of Supervisors, 125 Ill 334, 17 NE 802; Trust Co. of Chicago v. Lincolnwood Village, 385 Ill 236, 52 NE2d 703; People v. Hartquist, 311 Ill 127, 142 NE 475. Western Sand and Gravel Co. v. Town of Cornwell, 2 Ill2d 506, 119 NE2d 261. By alleging in his answer, only a part of the actual proceedings of the council meeting, Appellant tends to

obscure the true issue in this case. Furthermore, by amending his answer by including the copy of proceedings, Appellant has waived this objection.

■ We likewise find that Appellees' arguments as to the Appellant's qualifications and the calling of the April 9 meeting are not well taken. The record discloses no objection to either of these matters in the lower court. The fact that Appellant resigned from one office as Alderman in order to accept another is a matter of record and undisputed by Appellees. We find nothing in the record showing that the purposes of a special meeting were required to be identified in the notice of the meeting and in any event, the actual presence of all of the Aldermen and their action on the matter of the appointment, cured any possible defect in the notice of the meeting. Ward v. City of DuQuoin 173 Ill App 515.

This brings us to what we consider the real issue involved in this case. Did the action of the City Council, as evidenced in the journal of proceedings, amount to a proper appointment of Appellant by the Aldermen as directed by the Geneseo Charter? Or was the action that of appointment by the Mayor and approval by the Aldermen as contended by Appellees?

■ ■ It is true, as indicated by both parties, that there is some ambiguity in the clerk's record of proceedings. The rules governing construction of legislative action are consistent whether the action be that of a City Council or the State Legislature and whether such action be an ordinance or other proceedings of the City Council. Illinois Bell Telephone Co. v. Fox 402 Ill 617, 85 NE2d 43; Dean Milk Co. v. City of Chicago 385 Ill 565, 53 NE2d 612; Dwight v. Chicago Railways Co. 270 Ill 87, 110 NE 394. In construing such action the paramount objective is to ascertain and give effect to the intentions of the legislative body. Illinois Bell Telephone Co. v. Fox supra; Stiska v. City of Chicago, 405 Ill 374, 90 NE2d 742; Fowler v. Johnston City Coal Co. 292 Ill 440, 127 NE 31.

■ Where the language employed by the legislative body is specific and unambiguous, there is no need for interpretation or construction. Stadler v. Fahey 87 Ill App 411; People's Gas, Light & Coke Co. v. Hale, 94 Ill App 406. Where however, as in the instant case, the language employed is susceptible of different interpretations, it is incumbent upon the courts to give that interpretation which will give meaning to the legislative action. People v. Chicago R. Co., 270 Ill 278, 110 NE 394; DuBois v. Gibbons 2 Ill2d 392, 118 NE2d 295; Village of Northbrook v. Sterba 318 Ill 360, 149 NE 258.

Appellee relies heavily on People v. Janosky 273 Ill App 254; and People v. Krupicka 279 Ill App 269. We do not believe them to be of material assistance. In each of the above cases, the issue was whether the Cities and Villages Act had so augmented the powers of a president of the board of trustees as to give him the same powers of appointment as were held by a Mayor. The court held that it did not. In the instant case there is no question as to by whom the appointment should be made. Both parties concede that the appointment must be made by the Aldermen and the question is one of interpretation of the word "approved" as used in the motion of Alderman Sweeney.

■ It must be assumed that the Mayor and the Aldermen knew of the requirement of the Geneseo Charter. It must also be assumed that both the Mayor and the Aldermen intended to carry out the provisions of this charter. To assume otherwise would lead to the absurd conclusion that the act was intended to be a nullity. The preliminary remarks of the Mayor may be interpreted as a suggestion that there was a vacancy to be filled and his desire to see it filled by appellant. Alderman Sweeney's motion and its adoption may be construed as an effort to make this appointment. It is conceded that the use of the word "approved" was inept. However our Supreme Court has held that "Strict construction of a

301

statute means only that it must be confined to such subjects or applications as are obviously within its terms and purposes. It does not require such an unreasonably technical construction that the words used cannot be given their fair and sensible meaning in accord with the obvious legislative intent." DuBois v. Gibbons supra. Were we so to construe the word "approved" in the instant case, the entire action of the Aldermen would be a nullity. We can add little to the opinion in People v. Whittock 237 Ill 584, 86 NE 1094, where the court stated, "The highest degree of accuracy is not always attained or to be expected in the framing of statutes or city ordinances. If such accuracy in the use of language was applied by the courts in construing ordinances, the purposes for which many of them are passed would doubtless be defeated. Whenever the meaning of a word, as used in a statute or ordinance, becomes the subject of controversy in a legal proceeding, the ascertainment of its strict primary signification is not a matter of so much importance as it is to discover the sense in which it was used by the legislative body, for the latter must control, although the word has been used without proper regard to its appropriate and primary meaning."

We therefore find that the order of Ouster by the Circuit Court of Henry County was in error and such order is hereby reversed.

Reversed.

ALLOY, P. J. and CORYN, J., concur.