**The People of the State of Illinois ex rel. John M. Karns, Jr., Plaintiff-Appellee, v. Village of Caseyville, Defendant-Appellant.**

Gen. No. 67–110.

Fifth District.

September 19, 1968.

Russell H. Classen, of Belleville, for appellant.

Robert A. Hayes, Jones, Ottesen & Fleming, of Belleville, for appellee.

MORAN, J.

On January 10, 1966, plaintiff filed a complaint in quo warranto pursuant to chapter 112, section 9 of the Illinois Revised Statutes, claiming that the defendant unlawfully exercised and usurped authority over certain property and demanding that defendant show by what authority it claimed to exercise authority over the territory in question.

The defendant filed an answer denying the allegations of the petition and an additional answer justifying its exercise of authority over the territory on the ground that it had legally annexed the territory by adopting and approving annexation Ordinance No. 349 after a petition had been filed requesting that the territory be annexed to the Village of Caseyville. The terms and provisions of the ordinance were not contained in the answer nor was the ordinance attached thereto.

No further pleadings were filed by either party and a hearing was then had in the trial court on the quo warranto petition. The parties stipulated that Ordinance No. 349 which purported to annex the property in question be admitted into evidence and also a plat and an aerial photograph of the territory. All of these exhibits, including the ordinance, disclosed without question that the ter-

ritory purportedly annexed by Ordinance No. 349 was not contiguous to the defendant as required by chapter 24, section 7–1–8 of the Smith Hurd Illinois Revised Statutes.

After the hearing and after receiving briefs from both parties, the trial court entered an order holding the annexing ordinance void on the ground that the territory annexed was not contiguous to defendant as required by chapter 24, section 7–1–8 of the Smith Hurd Illinois Revised Statutes, and enjoined the defendant from exercising any further authority over the territory.

Defendant in its brief had contended that the territory in question was contiguous and that the plaintiff was precluded from questioning the validity of the annexation because it had not traversed the "justification" filed by the defendant by filing a reply pursuant to chapter 112, section 11 of the Illinois Revised Statutes which provides: "The plaintiff may reply to the answer or present a motion directed thereto as in other civil actions."

After the judgment order was entered, defendant filed a post-trial motion asserting that the trial court erred because the territory in question was contiguous to defendant at the time of the passage of the ordinance and that the judgment order was also wrong because it was incumbent upon plaintiff to file a reply to the justification pleaded by the defendant and in the absence of said reply the justification should stand as admitted and the judgment should therefore be in favor of defendant.

The court overruled the defendant's post-trial motion and the defendant appealed.

Defendant on this appeal does not contend that the territory sought to be annexed is contiguous to defendant, but only that judgment should have been entered in its favor in the trial court because plaintiff did not reply to defendant's purported justification. In other words, it argues that its answer, which did not set out the terms

of the ordinance and which only recited that the ordinance had been duly adopted and approved, must be accepted as conclusive proof that the purported annexation was valid even though the record shows that the annexation did not comply with the statute.

██ This argument ignores defendant's own duties under the quo warranto statute which required it to not only plead and prove its own official acts by which the annexation was effected, but also to plead and prove by affirmative evidence that all of the circumstances imposed by the statute under which it purported to annex the territory in question were present. Chapter 112, § 11, Ill Rev Stats; People v. City of Peoria, 80 Ill App2d 359, 225 NE2d 48; People ex rel. Cooney v. City of Peoria, 166 Ill 517, 46 NE 1075.

Although section 11 of the quo warranto statute provides: "The plaintiff may reply to the answer," it does not say under what circumstances, if any, a reply is required. Certainly a reply is not required in this case where the defendant has not attempted to plead the facts necessary to justify the lawful authority to the right claimed as required by the quo warranto statute.

For the foregoing reasons, the judgment of the trial court of St. Clair County is affirmed.

Judgment affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.