FRANK PAULAUSKAS, et al., Plaintiffs-Appellees, v. LEO RUMSAS, Administrator of the Estate of STANLEY STUPELIS, Deceased, et al., Defendants-Appellants.

(No. 54094;

First District—August 27, 1971.

Kal, Kal & Jacobs, of Chicago, (Tage Joranson, of counsel,) for appellants.

Irving S. Friedman and Stiller & Strauss, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of this court.

The question raised by this appeal is whether the provisions and principles of Chapter 95, Section 57, Illinois Revised Statutes were correctly applied by the trial court.

This action was brought by the mortgage holder, Chicago Savings and Loan Association, filing a "Complaint to Foreclosure Mortgage" on the 21st day of May, 1968, in the Chancery Division of the Cook County Circuit Court. On May 21, 1968, the Clerk of the Court issued a summons upon the defendants Leo Rumsas, Administrator of the Estate of Stanley Stupelis, deceased (the signer of the mortgage and note), Ignas

Stupelis, Joseph Huraska and "unknown owners." At a subsequent date Stase Jurkaitis was, by appropriate order, named as a codefendant.

The summons was returned on June 20, 1968, by the Sheriff, indicating on the reverse side of the summons that service was obtained on the defendant, Joseph Juraska, but that the administrator, Leo Rumsas, was "not found."

On July 23, 1968, the administrator by counsel filed his appearance.

On January 13, 1969, by order of court, Frank and Ona Paulauskas were substituted as parties plaintiff for the Savings and Loan Association.

The Defendant Administrator on March 10, 1969, filed a countermotion tendering to the court "the sum of $1,415.60 * * * in full payment of all unpaid principal, interest and escrow payments . . . due on or before March 10, 1969 . . . and to tender to those entitled thereto such further sums * * * in full payment of all costs, expenses, and reasonable attorney's fees as fixed by * * * court." The countermotion also asked that the plaintiffs' motion for decree of foreclosure be denied and dismissal of the cause in accordance with Ch. 95, Sec. 57. This countermotion was made almost 8 months after the administrator's entry of appearance but was 30 days prior to the entry of the decree of foreclosure.

The plaintiff then, on April 9, filed a motion to strike the administrator's countermotion, whereupon the same day the trial court entered an order denying the administrator's countermotion and thereupon entered a decree of foreclosure.

The administrator has appealed from the order of foreclosure and decree. The issue is whether the trial court ruled correctly in denying the administrator's countermotion tendering all unpaid mortgage payments not accelerated, with costs, expenses and fees, and entering the decree of foreclosure.

The appellees have made a motion to dismiss this appeal asserting that the decree of foreclosure is not a final appealable order. We have read the authority cited in the appellees' "Suggestions in Support of the Motion to Dismiss Appeal" and we cannot agree with appellees' contentions and the motion is ordered denied and we shall proceed to decide the case on its merits.

Before proceeding, however, to the merits of this case, we shall discuss briefly Rule 304, Illinois Practice Act, Chapter 110A, Section 304, Illinois Revised Statutes which read in part: "If multiple parties * * * are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all * * * only if the trial court has made an express written finding that there is no just reason for delaying

enforcement or appeal * * * The time for filing the notice of appeal shall run from the entry of the required findings * * * ."

■■ The trial court stated in its decree of foreclosure "there is no just reason to delay the enforcement of this decree or any appeal therefrom." Such a statement is a requirement under the Rule for appealability when the adjudication involved fewer than all of the parties. The denial of the countermotion coupled with the entry of the decree of foreclosure was a final disposition of the administrator's rights to tender and thus, with the requisite finding of appealability by the trial court the decree was, in fact, appealable. As stated in *Midstates Finance Co. v. Waller* 67 Ill.App.2d 437, 214 N.E.2d 624, "To be final and appealable a judgment order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court has only to proceed with the execution of judgment. While the order need not dispose of all the issues presented by the pleadings, it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and *separate part thereof.*" Emphasis ours. (See also *Central Wisconsin Motor Transport Co. v. Levin,* 66 Ill.App.2d 383, 214 N.E.2d 776.) Rule 304 started the running of the time for appeal. If the appeal had not been perfected by the administrator in accordance with Rule 304, *supra* the administrator may well have lost the right to appeal. *Defenbaugh v. Streator Canning Co.,* 80 Ill.App.2d 187, 224 N.E.2d 487.

The statute before us for consideration is Ill. Rev. Stat., Ch. 95, Sec. 57, which provides in part:

"Whenever all the principal sum of any obligation secured by * * * mortgage * * * has become due prior to the maturity date * * * through acceleration of the maturity * * * the mortgager or his successor in interest . . ., at any time prior to (1) the expiration of 90 days from the date of service of summons in any foreclosure suit upon the mortgagor or his successor, or (2) prior to the entry of a decree of foreclosure in such suit, whichever event shall first occur, may pay the entire amount then due * * *, including costs, expenses and reasonable attorney's * * * fees as fixed by the court, other than such portion of the principal as would not be due had no acceleration occurred * * *. Thereupon, all proceedings for foreclosure of such mortgage * * * shall be dismissed * * *."

■■ The statute in clear and unequivocable language gives to the mortgager or his successor in interest two specific times in which the amount due may be paid thereby abating acceleration of the debt and thus causing the proceedings to be dismissed.

464

The first period of time is quite specific, requiring that the amount be paid within 90 days from "the date of service of summons." The other period of time in which the mortgagor or his successor must react is prior to the entry of decree of foreclosure. The statute is equally specific in stating which time period shall control "whichever event shall first occur." In this case the first statutory event did not occur.

■■ Thus reading the clear language of this statute, in this case there can be but one time for this mortgagor or his successor, the administrator, to comply for timely payment and that is prior to the entry of the decree of foreclosure. There cannot be a period of time 90 days from service of summons when service of summons was not had. The statute does not speak in terms of notice to the defendant nor does it speak of equivalents; it speaks solely of "service of summons." "Ordinarily, words or terms used in statutes must be given their ordinary and plain meaning unless such construction will obviously defeat the intention of the legislature." (*People v. Kraft*, 85 Ill.App.2d 435, 223 N.E. 2d 738.) "Where the language employed by the legislative body is specific and unambiguous, there is no need for interpretation or construction," *People ex rel. Skonberg v. Paxton*, 64 Ill.App.2d 294, 211 N.E.2d 591.

■■ We will not construe a statute to effect a forfeiture, when its plain language, strictly applied, will not have such effect.

Reversed and remanded.

MORAN and JONES, JJ., concur.