ARGONAUT-MIDWEST INSURANCE COMPANY, Plaintiff, v. E.W. CORRIGAN CONSTRUCTION COMPANY *et al.*, Defendants and Counterplaintiffs-Separate Appellees (Continental Insurance Company, Counterdefendant-Separate Appellant).

First District (3rd Division) No. 1—00—2231

Opinion filed March 31, 2003.

424

WOLFSON, J., specially concurring.

Hinshaw & Culbertson, of Chicago (Stephen R. Swofford and David H. Levitt, of counsel), for appellant.

Kubasiak, Fylstra, Reizen & Rotunno, of Chicago (Raymond A. Fylstra and John A. Dienner, of counsel), for appellees.

JUSTICE HALL delivered the opinion of the court:

The sole issue presented in this appeal is whether an appeal should be afforded to a successful party who agrees with the trial court's judgment, but disagrees with the specific reasons, conclusions or findings on which that judgment is based. We hold that such an appeal should not be granted.

This cause arose out of an action to determine which insurers were obligated to defend appellees E.W. Corrigan Construction Company (Corrigan), and its subsidiary, E.W. Contractors, Inc., (EWC), in an underlying property damage lawsuit titled D.W. Lakeshore Associates Limited Partnership v. E.W. Corrigan Construction Co., No. 95—L—8426 (Cir. Ct. Cook Co.).[1] At the direction of the trial court, multiple insurance companies were joined in the underlying lawsuit.

On September 24, 1999, the trial court heard arguments on motions for partial summary judgment filed by the various insurance companies, including CNA.[2] In an order dated September 29, 1999, the trial court granted CNA's motion for partial summary judgment as to the concrete issue, finding that CNA did not have a duty to defend Corrigan and EWC (hereinafter sometimes collectively referred to as Corrigan) in the underlying lawsuit. The trial court's ruling was based on its finding that the third amended complaint in the underlying lawsuit failed to allege that the relevant property damage occurred during the time that CNA's policy was in force.

---

[1]In the original complaint filed in D.W. Lakeshore on May 4, 1995, it was alleged that concrete supplied by Corrigan and/or EWC suddenly evidenced cracking in February 1995.

[2]Appellant, Continental Insurance Company, will be referred to as CNA Insurance, since Continental Insurance Company is a subsidiary of CNA Insurance.

On October 22, 1999, Corrigan filed a motion for reconsideration of the trial court's September 29, 1999, order as it pertained to CNA. In the motion for reconsideration, Corrigan claimed that endorsement No. 12 in the CNA policy[3] required CNA to defend Corrigan in the underlying lawsuit even if the relevant property damage occurred outside the policy period and even if the other insurers did not have a duty to defend. Corrigan asserted that under endorsement No. 12, the relevant consideration was not when the property damage occurred, but whether there had been or might be a "determination" that the concrete in question was defective. Corrigan claimed that this "determination" triggered the duty to defend even if it was made outside the policy period because the endorsement was silent as to when this "determination" must be made.

On February 10, 2000, the trial court heard arguments on a variety of motions including Corrigan's motion for reconsideration. During the course of the hearing, it was agreed that a "determination" that the concrete work was defective constituted property damage under the policies at issue. Such a "determination" could be made by an accredited independent agency or by mere evidence that concrete had actually fallen off the subject structure. This "determination" was the event that "triggered" coverage and the duty to defend. The parties, however, disagreed as to whether a policyholder was covered where the determination was made outside the policy period. The trial court believed that if concrete was installed and it was later "determined," after the policy period had ended, that the concrete was defective, then the policyholder was still potentially covered because the term "determination" as it was used in endorsement No. 12 was ambiguous since the endorsement did not specifically state when the "determination" was to be made.

CNA argued that endorsement No. 12 did not trigger coverage under the policy because there was language in the endorsement stating that all provisions of the policy remained unmodified and that one of the provisions that remained unmodified was the requirement that the property damage occur during the policy period. CNA also argued that it did not have a duty to defend because its policy was an excess

---

[3]Endorsement No. 12 modified the definition of property damage contained in the primary policy from physical injury, destruction, or loss of use of tangible property caused by an occurrence, to a determination that concrete products that are defective shall be deemed to constitute property damage caused by an occurrence.

policy.[4] The trial court disagreed with both of CNA's arguments, finding that endorsement No. 12 triggered coverage under the policy because the term "determination" as it was used in the endorsement was ambiguous, and that CNA's policy was not excess.

Thus, in an order dated February 28, 2000, the trial court granted Corrigan's motion for reconsideration, finding that CNA did have a duty to defend Corrigan in the underlying lawsuit. On March 23, 2000, CNA then filed a motion to reconsider the concrete issue on the ground that, pursuant to the excess provision in endorsement No. 12, it did not have a duty to defend. In an order dated May 26, 2000, the trial court granted CNA's motion for reconsideration, finding that CNA did not have a duty to defend Corrigan in the underlying lawsuit because its policy was an excess policy.

CNA now attempts to appeal the trial court's earlier order of February 28, 2000, on the ground that the trial court in that order incorrectly found that endorsement No. 12 triggered coverage under the policy. Corrigan responds that this court does not have the jurisdiction to hear or determine CNA's challenge to the trial court's order of February 28, 2000, because that order was effectively overruled and vacated as to CNA by the trial court's subsequent order of May 26, 2000, where the trial court found that CNA did not have a duty to defend Corrigan in the underlying lawsuit. Corrigan also contends that the February 28, 2000, order is not a final, appealable order, because the order did not resolve all the issues as to all the parties since the court did not make a Rule 304(a) (134 Ill. 2d R. 304(a)) finding, whereas the trial court in its order of May 26, 2000, did include a Rule 304(a) finding with regard to the ruling affecting CNA.

## ANALYSIS

■ We review this case *de novo* since it involves the trial court's resolution of a legal question. *Primeco Personal Communications, L.P. v. Illinois Commerce Comm'n*, 196 Ill. 2d 70, 83, 750 N.E.2d 202 (2001). As an initial matter, we note that we cannot agree with Corrigan's contention that this court has no jurisdiction to hear this appeal on the ground that the February 28, 2000, order is not a final, appealable order. A final judgment in a civil case is entered where the last order closes the case and leaves no issues to be decided. *In re E.L.*, 152 Ill. App. 3d 25, 30, 504 N.E.2d 157 (1987). In the present case, when the trial court entered its order of May 26, 2000, this order was a final order regarding CNA's duty to defend Corrigan in the underlying

---

[4]An "excess policy" typically provides protection beyond that which is provided by the primary liability policy. J. O'Connor, *Insurance Coverage Settlements and the Rights of Excess Insurers*, 62 Md. L. Rev. 30, 31 (2003).

lawsuit. Once a final order is entered, all prior nonfinal orders and rulings become appealable. *In re E.L.*, 152 Ill. App. 3d at 30; *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433, 394 N.E.2d 380 (1979); *Steinberg v. System Software Associates, Inc.*, 306 Ill. App. 3d 157, 166, 713 N.E.2d 709 (1999). Thus, the February 28, 2000, order became appealable when the trial court entered its final order on May 26, 2000.

■ We next consider whether an appeal should be afforded to a successful party who agrees with the trial court's judgment, but disagrees with the specific reasons, conclusions or findings on which that judgment is based. Here, CNA agrees with the trial court's order of May 26, 2000, holding that CNA does not have a duty to defend Corrigan in the underlying lawsuit; however, CNA disagrees with the specific reason or finding on which this order is based. A party cannot complain of error that does not prejudicially affect it, and one who has obtained by judgment all that has been asked for in the trial court cannot appeal from the judgment. *Geer v. Kadera*, 173 Ill. 2d 398, 413-14, 671 N.E.2d 692 (1996). In the instant case, CNA obtained all that it asked for with respect to its motion for reconsideration, where the trial court found that CNA did not have a duty to defend Corrigan in the underlying lawsuit. CNA sought a judgment declaring that it did not have a duty to defend Corrigan in the underlying lawsuit. The judgment in the trial court's order of May 26, 2000, did exactly that.

■ It is true that CNA made two distinct arguments in the trial court that it did not have a duty to defend. The first argument was based on the trigger issue. The second argument was based on the contention that the policy was an excess policy. The trial court rejected the trigger argument and accepted the excess policy argument, thereby finding that CNA did not have a duty to defend Corrigan in the underlying lawsuit. Therefore, CNA obtained by judgment all that was sought in the trial court and this judgment cannot be appealed. Where a trial court's judgment is entirely in favor of a party, specific findings of the trial court that may have been adverse to the party do not give rise to an appeal. *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 386-87, 457 N.E.2d 9 (1983); *Piersall v. SportsVision of Chicago*, 230 Ill. App. 3d 503, 512, 595 N.E.2d 103 (1992); *People ex rel. Village of Buffalo Grove v. Village of Long Grove*, 173 Ill. App. 3d 946, 953, 526 N.E.2d 670 (1988). It is the trial court's judgment, not its reasoning, that is reviewed on appeal. *Guerino v. Depot Place Partnership*, 273 Ill. App. 3d 27, 31, 652 N.E.2d 410 (1995). The forum of appellate courts should not be afforded to successful parties who may not agree with the reasons, conclusion, or findings of the trial court. *Geer*, 173 Ill. 2d at 414; *Material Service Corp.*, 98 Ill. 2d at 386.

CNA contends that we should consider its appeal despite the hold-

ings in *Piersall* and *Village of Buffalo Grove*, because there is a possibility that the trial court's adverse finding regarding the trigger issue might be asserted in future litigation. We must decline CNA's offer. An appellate court's function, as a reviewing court, is to determine whether the lower courts reached the correct result. *Devoney v. Retirement Board of the Policemen's Annuity & Benefit Fund*, 199 Ill. 2d 414, 422, 769 N.E.2d 932 (2002). A reviewing court cannot permit hypothetical worst-case scenarios to be the basis upon which it decides the case before it. *Department of Public Aid ex rel. Skelton v. Liesman*, 218 Ill. App. 3d 437, 441, 578 N.E.2d 310 (1991). If the resolution of a certain question of law cannot affect the result as to the parties or controversy before it, a reviewing court should not resolve the question merely to guide future litigation. *Primeco*, 196 Ill. 2d at 100.

In the instant case, the record indicates that the trial court found that three insurers had a duty to defend Corrigan in the underlying lawsuit: National Union Fire Insurance Company, Pacific Employers Insurance Company, and U.S. Fire Insurance Company. In addition, the trial court ordered Reliance Insurance Company to contribute a share of defense costs through the date its named insured was granted summary judgment in the underlying lawsuit. The record further indicates that these named insurers are now paying for Corrigan's defense in the underlying lawsuit and that none of them are seeking contribution from CNA. As a result, there is no pending dispute between CNA and any other party to the case. Therefore, based on the rationale set forth in *Skelton* and *Primeco*, we decline to issue an order regarding the "trigger" issue merely because this issue might be asserted in future litigation.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SOUTH, P.J., concurring.

JUSTICE WOLFSON, specially concurring:
I would dismiss this appeal because the February 28, 2000, order was vacated on motion for reconsideration. There is nothing to appeal.